IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF
OKLAHOMA

FILED
FEB 2 2 2016
CARMELITA REEDER SHINN, CLERK
S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

MITCHELL WILLIAMS

    PLAINTIFF, CLASS LEADER    CASE NO. CIV-16-163-R

vs.

OKLAHOMA, PAUL ZIRIAX, SOUTH
CAROLINA, ARLENE MAHONEY, COLORADO,
UTAH

---------DEFENDENTS, CLASS MEMBERS------------/

COMPLAINT AND CLASS ACTION LAWSUIT
REQUEST FOR EXPEDITED REVIEW & INJUNCTION

    Mitchell Williams, Plaintiff, above named files this his Complaint and Class Action Lawsuit with a request for expedited review as follows;

Statement of the Case

1.     Because of dissatisfaction with most known candidates for United States President in 2015 the Plaintiff decided to run himself for President as a write-in candidate. Having run before twice for Mayor of Atlanta (on the ballot) and twice for Governor of Georgia (write-in) the Plaintiff was familiar with the procedures. He now strongly favors write-in candidacies as they are the cheap way to run. Since most states do not start serious processing of election papers until the first of the calender year the Plaintiff waited until January 1, 2016 to start mailing out his notice of candidacy to all the 50 states (the post office must love these first class letters).

2.     On January 3, 2016 the Plaintiff sent out his State

Declaration of Write-In Candidacy to most of the other states. This mailing consisted of one originally signed copy, a duplicate to be returned and a stamped, self addressed envelope for the state office to mail it in (see sample Appendix A). As of this filing the Plaintiff has recieved back responses of some sort from about 2/3 of the states. A large number came back date stamped with no further comment, which states, (like Oregon) are not needed as parties to this case. A few wanted their own form filled out and notarized. (see Appendix B from New York State) These were not a serious problem. Some flatly refused to recieve the Plaintiff's Declarations because they don't recognize any write-in vote Oklahoma, South Carolina, see Appendix C). Others do allow write-in votes but they throw up mile high walls so that most cannot qualify, often these involve a petition drive to gather thousands of names of voters in those states. Typical of these walls is the required fileing IN PERSON in Utah. (see Appendix D) More of these problems are expected as not all of the states have yet responded one way or another.

## ARGUMENT

3.      Those states that show a willingness to deny anyone free access to their ballot as a write-in candidate are violative of the Freedom of Speech and Equal Protection clauses of the U.S. Constitution.

4.      Some states seem to live under the illusion that they can limit the federal vote in any way they please (Appendix E shows this is not allways the case).

2.

5.      Appendix E shows the extreme in the opposite direction. The Plaintiff cannot endorse this as a perfect solution either. It leaves open the chance groups or individuals may play with the ballot in some contemptable manner by voting for Mickey Mouse,etc. The very best example is a two page instruction sent out by the State of Washington. The first page appears at Appendix F, and the second page is included at Appendix A (suitably modified to use with any state). Everything legally needed and nothing is demanded that a person cannot provide,if needed,is required.

6.      In the intrest of expedited review the Plaintiff is sending a copy of this Complaint to all named Defendents except the State of Oklahoma and Paul Ziriax. After the Courts ruling on the IFP request it is requested that the Court serve the copies included on the Attorney General of Oklahoma and Paul Ziriax Both Plaintiff and Defendent Classes need to be considered open at this time to make addition of new intrested parties.

7.      It is vital that the ruling in this case be published imediately so no state can use the excuse of having printed its general election ballot as a defense.

## CONCLUSION

8.      Only an Injunction will stop the Defendent's illegal conduct.

Wherefore,The Plaintiff prays and demands that an Injunction issue to restrain their conduct. No jury demanded.

*Mitchell Williams* (signature)

Mitchell Williams Pro Se
POB 33
Palatka,FL 32178
386 329-8603

3.