# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MITCHELL WILLIAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-16-163-R |
| OKLAHOMA, et al., | ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis [Doc. No. 2]. The Motion has been assigned to the undersigned and pursuant to *Lister v. Department of the Treasury*, 408 F.3d 1309 (10th Cir. 2005), the following recommendation is submitted to United States District Judge David L. Russell. Plaintiff, appearing pro se, is a resident of the State of Florida and brings this action alleging the violation of his constitutional rights concerning his desire to become a "write-in candidate" for President of the United States.

In support of his Motion, Plaintiff lists monthly income in the amount of $764.00. He does not identify the source of this income. He further lists real property valued at $8,100.00 and an automobile valued at $2,000.00. Plaintiff lists other assets totaling approximately $2,000.00, including "25 goats." Nothing stated in the Motion demonstrates that Plaintiff owns the goats for purposes of his livelihood. Plaintiff further identifies as debt an obligation to Clay Electric Cooperative, Inc. in the amount of $6,000.00, but the debt is not included as a monthly expense.

Plaintiff's monthly expenses total approximately $450.00. However, as part of those monthly expenses, he identifies $110.00 as the cost of goat feed and approximately $125.00 for postage. The allegations of his Complaint indicate that the postage expenses have been incurred

in relation to the lawsuit he has filed. These latter expenses (goat feed and postage) appear, therefore, to be discretionary expenses incurred by Plaintiff.

Plaintiff states that he has about $750.00 in cash on a debit card at the beginning of each month and only $100.00 at the end of the month. He does not have any money in a savings account. Plaintiff states that he has been "adjudicated indigent" in what appears to be three cases filed in Florida state courts. *See* Motion at p. 3.

Pursuant to 28 U.S.C. § 1915(a), a district court has discretion to permit the commencement of an action without prepayment of fees or security therefor. *See Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783 at *1 (10th Cir. 1999) ("The decision to grant or deny in forma pauperis status under § 1915 lies within the sound discretion of the trial court."). "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners." *Lister*, 408 F.3d at 1312.

Proceeding in forma pauperis "in a civil case is a privilege, not a right -- fundamental or otherwise." *White v. State of Colo.*, 157 F.3d 1226, 1233 (10th Cir. 1998). Factors the court may consider in exercising its discretion include: "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dept.*, 24 F. App'x 977, 979 (10th Cir. 2002) (citations omitted). But, "a person should not be denied the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not 'destitute.'" *Id.* (citation omitted).

In *Brewer*, the plaintiff's "monthly income exceed[ed] his monthly expenses by a few hundred dollars." The court denied the plaintiff's request to proceed in forma pauperis even though there was "no evidence that Mr. Brewer [was] acting in bad faith or attempting to take

advantage of the system" because "it also appear[ed] he had sufficient income to pay the filing fees at the time th[e] appeal was sought." *Id.*[1] *See also Westgate v. Astrue*, No. 08-4136-JAR, 2008 WL 5110906 at *1 (D. Kan. Dec. 2, 2008) (unpublished op.) (denying in forma pauperis motion where total monthly income from all sources exceed[ed] [the plaintiff's] monthly expenses by $364.00" and therefore, the plaintiff 'would be able to pay the filing fee in th[e] case by using his discretionary income from one month").

In this case Plaintiff's monthly income exceeds his monthly expenses by more than $300.00. And, excluding as expenses the expenditures the Court has identified as discretionary (goat feed and postage), Plaintiff's monthly income exceeds his monthly expenses by $549.00. Clearly, Plaintiff has limited income. However, as stated by another court: "[w]hile this Court does not suggest that [the plaintiff] is wealthy or has lots of money to spend, [he] does appear to have discretionary income and/or assets [and] [i]t appears that she has the ability to spend her discretionary funds on filing fees if [he] desires." *Lewis v. Center Market*, No. CIV-09-306-JB/RHS, 2009 WL 5217343 at *3 (D. N.M. Oct. 29, 2009) (unpublished op.). Plaintiff is not a prisoner, and therefore, the special concerns attendant to prisoner cases is not present. And finally, while not deciding whether Plaintiff's complaint is frivolous, Plaintiff purports to bring a class action lawsuit against the States of Oklahoma, South Carolina, Colorado and Utah (among

---

[1] As observed by one court:

> At the time of the ruling in *Brewer v. City of Overland Park Police Department*, the filing fee for the appeal was $100.00." *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00.

*Padilla v. Clark*, No. CIV-15-0746 JB/KK, 2016 WL 545444 at *2 n. 2 (D. N.M. Jan. 13, 2016) (unpublished op.) (*citing Brewer v. City of Overland Park Police Department*, No. 01–3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001)).

3

other Defendants) regarding his decision to run for the office of President of the United States. He claims he has been denied the ability to enter his name on the ballots in those states as a "write-in candidate" in violation of his constitutional rights and seeks injunctive relief to stop this "illegal conduct." *See* Complaint, ¶¶1-3, 8.

Upon consideration of the relevant factors and Plaintiff's financial condition as set forth in his Motion, it appears Plaintiff has the ability to pay the filing fee. Therefore, Plaintiff does not qualify to proceed in forma pauperis.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. No. 2] be denied. It is further recommended that if Plaintiff does not pay the $400.00 filing fee in full to the Clerk of the Court within twenty-one days of any order adopting this Report and Recommendation, that this action be dismissed without prejudice to refiling, pursuant to LCvR 3.3(e).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Any such objection must be filed with the Clerk of the Court on or before March 15, 2016. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 23rd day of February, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE