# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| MITCHELL WILLIAMS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-16-163-R |
| OKLAHOMA, et al., | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff commenced this action by filing a "Complaint and Class Action Lawsuit" against the states of Oklahoma, South Carolina, Colorado, and Utah (among other Defendants) claiming that he has been denied the ability to enter his name on the ballot as a "write-in candidate" for the office of President of the United States of America. Plaintiff contends these denials are a constitutional violation and seeks injunctive relief to stop this conduct. Complaint ¶¶ 1-3, 8. Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Doc. No. 2.

On February 23, 2016, Magistrate Judge Jones issued a Report and Recommendation wherein he recommended that Plaintiff's Motion be denied and that the action be dismissed unless Plaintiff pays the full filing fee within 21 days of any order adopting the Report and Recommendation. Plaintiff has filed an objection to the Report and Recommendation [Doc. No. 4], giving rise to the Court's obligation to conduct a *de novo* review of any issue to which he makes specific objection. Having so reviewed, the Court hereby ADOPTS the Report and Recommendation in its entirety.

1

In his Motion, Plaintiff lists assets of real property, an automobile, and personal property, (including "25 goats") totaling approximately $12,000, and identifies a debt obligation of $6,000.00 to Clay Electric. Plaintiff also has a monthly income of approximately $764.00 which exceeds his total monthly expenses of $450.00 by at least $300.00. That amount rises to nearly $550.00 if Plaintiff's discretionary monthly expenses for goat feed ($110.00) and postage in connection with the lawsuit ($125.00) are excluded from the monthly expenses.

Plaintiff's Objection does not compel a different result. Although not clear, Plaintiff appears to assert he owns the goats as part of his livelihood, perhaps to challenge the status of the goat feed as a discretionary expense. As set forth above, even if goat feed was not considered a discretionary expense, Plaintiff's monthly income would still exceed his non-discretionary monthly expenses by nearly $440.00.

Similarly, Plaintiff's discussion of his monthly income does not alter the Court's decision. Plaintiff notes that his monthly income is comprised in equal parts from "Social Security Payments" and "S.S.I.," presumably Supplemental Security Income. Before receiving "S.S.I" payments, Plaintiff claims he used to receive $126 in food stamps, and that after he began receiving "S.S.I.", the amount he received in food stamps decreased, such that he apparently decided to forego food stamps rather than fill out the requisite paperwork. However, Plaintiff does not suggest that his reported monthly income of $764.00 is comprised of any money from food stamps or that the amount has changed since he filed his Motion.

Finally, Plaintiff states that the Clay Electric debt "does not include a monthly expense," but Plaintiff's objection in this regard is of no consequence, since neither the Magistrate Judge nor the undersigned considered it as a monthly expense.

Plaintiff shall pay the $400.00 filing fee not later than Monday, April 25, 2016. The Report and Recommendation is hereby ADOPTED. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is DENIED (Doc. No. 2). Failure to tender the filing fee will result in dismissal without further notice from the Court.

IT IS SO ORDERED this 4th day of April, 2016.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE